# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ROSETTA HELM, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | No. 10-CV-906-WDS |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

## ORDER

**STIEHL, District Judge:**

Before the Court are plaintiff Rosetta Helm's motion to delay dismissal and entry of judgment (Doc. 26) and her alternative motion for a good-faith finding or extension of time (Doc. 27). The time in which to respond has not yet passed, but a response does not appear necessary. The Court had previously entered an Order on November 4, 2011, directing the Clerk of Court to enter judgment dismissing this action with prejudice in 60 days unless the parties failed to consummate a settlement (Doc. 25). Plaintiff informs the Court that the parties have not yet consummated their settlement. She has not received her settlement consideration from defendant, and defendant seeks findings of good faith, both in this Court and in the pending state-court action, before it will settle.

The state-court action is in the Twentieth Judicial Circuit, St. Clair County, Illinois, Cause No. 09-L-607. As mentioned, defendant seeks a finding of good faith both in the state court and in this one. Recently, the state court had a hearing scheduled for December 15, 2011, which was continued to January 3, 2012, because defendant had raised certain allocation issues that had not yet been resolved. When plaintiff's motions were filed here, on December 30, 2011, the parties were unable to agree on language in their proposed order for the state court.

Plaintiff had hoped to resolve the good-faith finding in the state court first because that would allow this Court to consider the language in the state court's order.

In case the Court does not wish to wait for the state court, plaintiff has filed an alternative motion for a good-faith finding under 740 ILCS 100/2 § 2(c) (Doc. 27). To that end, plaintiff has submitted a proposed order granting the motion. She does not believe the wording of the proposed order would affect the allocation issues that defendant raised in the state court; further, she does not believe defendant has any objection to a "generic" finding of good faith in this Court.

Plaintiff asks the Court to delay dismissal and entry of judgment until plaintiff receives her settlement consideration from defendant. Further, she asks the Court to delay dismissal either until the Court enters the finding of good faith requested in her alternative motion (Doc. 27) or, if the Court wants more information from the state court, until the state court makes its good-faith finding. It appears from plaintiff's motion that defendant actually prefers the latter option.[1] Plaintiff also asks the Court to delay for an additional 60 days (unless she receives her settlement consideration and the good-faith findings are made earlier).

Since the parties are still working out their finding of good faith in the state court, the Court will wait until the state court makes its decision. Defendant has raised allocation issues there, and even though plaintiff does not believe a "generic" finding of good faith in this Court would pose a problem for defendant, it is possible that it will.

Accordingly, the Court **GRANTS** plaintiff's motion to delay dismissal and entry of judgment (Doc. 26). The Clerk of Court is **DIRECTED** to enter judgment dismissing this action with prejudice and without costs 60 days from the date of this Order. Should the parties

---

[1] Plaintiff's motion states: "In accordance with the United States of America's request and, if this court desires further information … from state court ruling [*sic*] on the Motion for Good Faith Finding, that it delay entry of judgment until that Motion for Good Faith Finding has been heard and resolved" (Doc. 26, p. 5).

2

fail to consummate settlement within 60 days, they may petition the Court to further delay entry of judgment. Plaintiff's alternative motion for a good-faith finding or extension of time is **DENIED** as moot (Doc. 27). After the state court makes its finding regarding good faith, if this Court should make one as well, the parties are **DIRECTED** to file a joint motion for a finding of good faith.

**IT IS SO ORDERED.**

**DATED:  January 4, 2012**

                                          **/s/  WILLIAM D. STIEHL**
                                                     **DISTRICT JUDGE**