IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROSETTA HELM,  )
*as independent administrator of the*  )
*estate of Earlene Taylor, deceased*,  )
  )
    **Plaintiff,**  )  No. 10-CV-906-WDS
  )
**v.**  )
  )
**UNITED STATES OF AMERICA,**  )
  )
    **Defendant.**  )

## ORDER

**STIEHL, District Judge:**

Before the Court is plaintiff Rosetta Helm's motion for an extension of time (Doc. 29), which the Court already granted, at least in part, giving the parties until March 19 to file their settlement documents with the Court (Doc. 30). Plaintiff's motion says defendant United States of America has conditioned settlement of this action on the Court's making a good-faith finding under the Illinois Contribution Act.[1] So the motion is actually asking the Court to issue an order finding that plaintiff and defendant have entered into their settlement agreement in good faith under the Act and that the settlement does not discharge any other tortfeasors from liability.

There is a parallel action involving these parties, and additional defendants, in the Twentieth Judicial Circuit of St. Clair County, Illinois. *See Helm v. Atrium Healthcare, et al.*, Cause No. 09-L-0607. Recently, the circuit court held a hearing on plaintiff's motion

---

[1] "When a release or covenant not to sue or not to enforce judgment is given *in good faith* to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide but it reduces the recovery on any claim against the others to the extent of any amount stated in the release or the covenant, or in the amount of the consideration actually paid for it, whichever is greater." 740 ILCS 100/2 § 2(c) (emphasis added).

1

for a good-faith settlement in the state-court proceeding and issued an order finding that the settlement between plaintiff and defendant United States of America was reached in good faith under the provisions of the Illinois Contribution Act.

This Court does not see a need to make a separate good-faith finding as to the same settlement; the parties have the finding they need. More importantly, a settlement approved by a state court is a judgment for purposes of the *Rooker-Feldman* doctrine. *Johnson v. Orr*, 551 F.3d 564, 568–69 (7th Cir. 2008); *Crestview Vill. Apartments v. U.S. Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 556 (7th Cir. 2004). To make a finding of good faith is, in essence, to review the circuit court's decision. This Court does not have jurisdiction to do that. *Johnson*, 551 F.3d at 568. *See generally Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Accordingly, plaintiff's motion for an extension of time, construed as a motion for a finding of good faith, is **DENIED IN PART** (Doc. 29). The Clerk of Court is **DIRECTED** to enter judgment dismissing this action with prejudice and without costs 14 days from the date of this Order. Should the parties need additional time, they may petition the Court to delay entry of judgment.

**IT IS SO ORDERED.**

**DATED: March 14, 2012**

                                                    /s/ **WILLIAM D. STIEHL**
                                                        **DISTRICT JUDGE**